1  Allison C. Eckstrom, California Bar No. 217255
   allison.eckstrom@bclplaw.com
2  Christopher J. Archibald, California Bar No. 253075
   christopher.archibald@bclplaw.com
3  Michael E. Olsen, California Bar No. 307358
   michael.olsen@bclplaw.com
4  **BRYAN CAVE LEIGHTON PAISNER LLP**
   3161 Michelson Drive, Suite 1500
5  Irvine, California  92612-4414
   Telephone:      (949) 223-7000
6  Facsimile:      (949) 223-7100

7  Attorneys for Defendant
   WALGREEN CO.

8

9                 **UNITED STATES DISTRICT COURT**

10              **NORTHERN DISTRICT OF CALIFORNIA**

11

12  ALFRED MORALES, individually and on          Case No.
    behalf of all those similarly situated,
13                                                (San Francisco County Superior Court
                         Plaintiff,              Case No. CGC-18-570597)
14
                   v.                             **NOTICE OF REMOVAL OF CIVIL**
15                                                **ACTION BY DEFENDANT WALGREEN**
    WALGREEN CO., an Illinois corporation;        **CO.**
16  and DOES 1-50, inclusive,
                                                  **[CLASS ACTION FAIRNESS ACT**
17                       Defendants.              **JURISDICTION]**

18                                                **[28 U.S.C. §§ 1332, 1441, 1446, AND 1453]**

19                                                *[Filed concurrently with Declarations of*
                                                  *Amelia Legutki and Alicia Musgrove; Civil*
20                                                *Cover Sheet; Certification of Interested*
                                                  *Entities; and Corporate Disclosure Statement]*
21

22

23

24

25

26

27

28

USA01\12399115

                                                                    NOTICE OF REMOVAL

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1  **TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT**

2  **FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF ALFRED**

3  **MORALES AND HIS ATTORNEYS OF RECORD:**

4      **PLEASE TAKE NOTICE** that Defendant Walgreen Co. ("Defendant") hereby removes

5  the above-entitled action from the Superior Court of the State of California for the County of San

6  Francisco to the United States District Court for the Northern District of California under the Class

7  Action Fairness Act ("CAFA"), pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453, on the

8  grounds that: (1) Plaintiff Alfred Morales ("Plaintiff") is a "citizen of a State different from"

9  Defendant; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of

10  interest and costs;" and (3) "the number of members of all proposed plaintiff classes in the

11  aggregate is" more than 100.

12  **PROCEDURAL BACKGROUND**

13      1.    On October 16, 2018, Plaintiff commenced a class-action lawsuit against

14  Defendant in the Superior Court of the State of California for the County of San Francisco,

15  entitled *"Alfred Morales, individually and on behalf all others similarly situated, Plaintiff vs.*

16  *Walgreen Co, an Illinois corporation; and Does 1-50, inclusive, Defendant,"* Case No. CGC-18-

17  570597.

18      2.    On December 7, 2018, Plaintiff sent the following documents to counsel for

19  Defendant, Allison C. Eckstrom, by email: (a) Summons; (b) Complaint; (c) Notice of Case

20  Management Conference; (d) Civil Case Cover Sheet; (e) ADR Program Information Packet; (f)

21  Stipulation to Alternative Dispute Resolution (ADR); and (g) Notice and Acknowledgment of

22  Receipt - Civil, true and correct copies of which are attached hereto as **"Exhibit A."**

23      3.    On December 13, 2018, Ms. Eckstrom signed the Notice of Acknowledgment of

24  Receipt – Civil, a true and correct copy of which is attached hereto as **"Exhibit B."**

25      4.    On January 4, 2019, Defendant filed its Answer to Plaintiff's Complaint, a true and

26  correct copy of which is attached hereto as **"Exhibit C."**

27      5.    Exhibits A through C to this Notice of Removal constitute all pleadings, process

28  and orders served in this action at the time of removal.

6.     Plaintiff's Complaint defines the putative class as "All individuals employed by Walgreens as a Store Manager, or the functional equivalent however titled, in California at any time during the period from four years prior to the filing of this action until the date of certification." (Complaint, ¶ 9.)

7.     Plaintiff alleges the following causes of action against Defendant on behalf of himself and the proposed putative class: (1) Violations of California Business and Professions Code Section 17200 *et seq.* ("UCL"); (2) Failure to Pay Overtime; (3) Failure to Pay Premiums for Missed Rest Breaks; (4) Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions; and (5) Waiting Time Penalties.

## **REMOVAL IS TIMELY**

8.     A case may be removed at any time, provided that neither of the two 30-day periods under 28 U.S.C. § 1446(b)(1) and (b)(3) has been triggered.  *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013).

9.     28 U.S.C. § 1446(b)(1) provides that, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

10.     "[N]otice of removability under § 1446(b)(1) is determined through examination of the four corners of the applicable pleadings[.]" *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).  The Complaint does not "reveal on its face the facts necessary for federal court jurisdiction." *Rea v. Michaels Stores, Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014) (quoting *Harris*, 425 F.3d at 691–92).  Specifically, it does not reveal on its face that the amount in controversy exceeds $75,000 for traditional diversity purposes, nor that the amount in controversy exceeds $5,000,000 for CAFA removal purposes.

11.     Plaintiff also never served Defendant with an "other paper" sufficient to trigger the second 30-day clock.  28 U.S.C. § 1446(b)(3).

12.     Therefore, because neither of the two 30-day periods under 28 U.S.C. § 1446(b)(1)

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1    and (b)(3) has been triggered, removal is timely.

2        13.    Nonetheless, Defendant also removed this action within 30 days of being served, so

3    removal is timely.  "[D]efendant's time to remove is triggered by simultaneous service of the

4    summons and complaint ... but not by mere receipt of the complaint unattended by any formal

5    service."  *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).

6    Defendant was not formally served until it executed the acknowledgement of receipt on December

7    13, 2018, and had until January 14, 2019 to remove.  *Harper v. Little Caesar Enterprises, Inc.*,

8    No. SACV 18-01564-JLS-JDE, 2018 WL 5984841, at *2 (C.D. Cal. Nov. 14, 2018) (holding that

9    the date of execution of the notice and acknowledgment of receipt triggers the 30-day removal

10   period); *Langston v. 20/20 Companies, Inc.*, No. EDCV 14–1360 JGB (SPx), 2014 WL 5335734,

11   at *3 (C.D. Cal. Oct. 17, 2014) (same); *Snow v. AT&T Corp.*, No. C 05–00599 JF, 2005 WL

12   1798399, at *2 (N.D. Cal. July 27, 2005) (same).

13

14                              **JURISDICTION**

15   **PLAINTIFF'S COMPLAINT IS SUBJECT TO REMOVAL UNDER CAFA**

16       14.    The Court has original jurisdiction over this action pursuant to CAFA.  As such,

17   this action may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1332(d), 1441,

18   1446 and 1453.

19       15.    Under CAFA, the federal district court has jurisdiction if:

20           a)    There are at least 100 class members in all proposed plaintiff classes; and

21           b)    The combined claims of all class members exceed $5 million exclusive of

22                 interest and costs; and

23           c)    Any class member (named or not) is a citizen of a different state than any

24                 defendant.  28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B) and 1453(a).

25       A.    The Diversity Of Citizenship Requirement Is Satisfied

26       16.    **Plaintiff is A Citizen of California**.  A person is a "citizen" of the state in which

27   he is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A

28   person's domicile is the place he resides with the intention to remain or to which he intends to

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1    return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Plaintiff alleges that,

2    "[d]uring the Class Period, he was employed by Walgreens as a Store Manager in the State of

3    California and in this judicial district." (Complaint, ¶ 4.)  Defendant's records reflect that Plaintiff

4    has been employed by Walgreens in the State of California since May 15, 1997 and has held the

5    position of Store Manager since October 1, 2004.  (Declaration of Alicia Musgrove ("Musgrove

6    Decl."), ¶ 2.)  Plaintiff has worked for Defendant at locations in San Francisco, California during

7    his entire employment.  (Musgrove Decl., ¶ 3.)  According to Defendant's records, Plaintiff

8    currently resides, and at the time this action was commenced, resided, in South San Francisco,

9    California. (Musgrove Decl., ¶ 4.)  Therefore, Plaintiff resided in California at the time the action

10   was commenced and intended to remain there.  As such, Plaintiff is and, at all times since the

11   commencement of this action has been, a resident and citizen of California.

12        17.    **Defendant is a Citizen of Illinois**.  At the time of the filing of this action,

13   Defendant was, and still is, a corporation incorporated under the laws of the State of Illinois with

14   its principal place of business in Illinois. (Declaration of Amelia Legutki ("Legutki Decl."), ¶ 2.)

15        18.    Pursuant to 28 U.S.C. § 1332(c), a corporation shall be deemed to be a citizen of

16   any state by which it has been incorporated and of the state where it has its principal place of

17   business.  The Supreme Court has established the proper test for determining a corporation's

18   principal place of business for purposes of diversity jurisdiction.  *Hertz Corp. v. Friend*, 559 U.S.

19   77 (2010).  The Court held that the "'principal place of business' [as set forth in section 1332(c)]

20   is best read as referring to the place where a corporation's officers direct, control, and coordinate

21   the corporation's activities." *Id.* at 92-93.  The Court further clarified that the principal place of

22   business was the place where the corporation "maintains its headquarters – provided that the

23   headquarters is the actual center of direction, control and coordination." *Id.* at 93; *see also*

24   *Montrose Chemical v. American Motorists Ins. Co.*, 117 F.3d 1128, 1134 (9th Cir. 1997) (holding

25   that a corporation's principal place of business is the state in which it performs a substantial

26   predominance of its corporate operations and, when no state contains a substantial predominance

27   of the corporation's business activities, then the corporation's principal place of business is the

28   state in which the corporation performs its executive and administrative functions).

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

19.     Defendant's corporate headquarters are located in Deerfield, Illinois where its officers direct, control and coordinate Defendant's activities. (Legutki Decl., ¶ 3.) Defendant's operations are managed from this location, including, but not limited to, those operations relating to administering company-wide policies and procedures, legal affairs, and general business operations. (*Id.*) Thus, Defendant is a citizen of the State of Illinois.

20.     **The Citizenship of "Doe Defendants" Must Be Disregarded.**  The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal. 28 U.S.C. § 1441(a).

21.     The minimal diversity requirement of 28 U.S.C. § 1332(d) is met in this action because the citizenship of at least one putative class member is diverse from the citizenship of at least one defendant. 28 U.S.C. § 1332(d)(2)(A). Plaintiff, a putative class member, is a citizen of California. (Musgrove Decl., ¶¶ 2-4; Complaint, ¶ 4.) Defendant is a citizen of Illinois. (Legutki Decl., ¶ 2.) The citizenship of "Doe" defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1). Therefore, the requisite minimal diversity exists between the parties.

B.     <u>There Are At Least 100 Class Members in the Proposed Class</u>

22.     Plaintiff purports to bring this action on behalf of "All individuals employed by Walgreens as a Store Manager, or the functional equivalent however titled, in California at any time during the period from four years prior to the filing of this action until the date of certification." (Complaint, ¶ 9.)

23.     Defendant denies Plaintiff's claims and makes no admission by way of this removal.

24.     Based on the putative class, as defined in the Complaint, more than 785 individuals fall within the putative class. (Musgrove Decl., ¶ 5.)

C.     <u>The Requisite $5 Million Amount In Controversy Is Satisfied</u>[1]

25.     Based on the allegations in the Complaint, and the ***very conservative*** assumptions

---

[1] In alleging the amount in controversy for purposes of CAFA removal, Defendant does not concede in any way that the allegations in the Complaint are accurate, or that Plaintiff is entitled to any of the monetary relief requested in the Complaint. Nor does Defendant concede that any or all of the putative class members are entitled to any recovery in this case, or are appropriately included in the putative class.

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

NOTICE OF REMOVAL

1   below, the alleged amount in controversy easily exceeds, in the aggregate, $5 million.

2           **a.   Unpaid Overtime Wages**

3         26.   Labor Code § 1194, subdivision (a) provides: "Notwithstanding any agreement to

4   work for a lesser wage, an employee receiving less than the legal minimum wage or the legal

5   overtime compensation applicable to the employee is entitled to recover in a civil action the

6   unpaid balance of the full amount of this minimum wage or overtime compensation . . . ."

7         27.   Plaintiff alleges that Walgreens misclassified him and members of the putative

8   class as exempt from the California overtime laws. (*See generally* Complaint.)  Plaintiff contends

9   that he and the putative class spent the majority of their workdays engaging in non-exempt, non-

10   managerial tasks and that, therefore, they were entitled to receive overtime compensation for all

11   hours worked in excess of eight (8) in a day and/or forty (40) hours in a workweek. (*Id.*)

12         28.   Plaintiff further alleges that he and the Store Managers who he purports to

13   represent "customarily and regularly work at least eight hours on each workday" and that "Store

14   Managers are required to work overtime hours every month" without overtime premium pay.

15   (Complaint, ¶¶ 19, 20.)  Plaintiff's PAGA letter alleges that Plaintiff and the putative class

16   members "routinely work more than 40 hours per week or 8 hours per day without receiving a

17   premium for overtime work." (Ex. A, page 1.)

18         29.   Plaintiff alleges that the failure to pay overtime wages constitutes unfair

19   competition within the meaning of Business and Professions Code Section 17200. (Complaint, ¶

20   25.)  The statute of limitations for such a claim is four (4) years. Cal. Bus. & Prof. Code § 17208.

21   Accordingly, the measure of potential damages for the overtime claim is based on a four-year

22   limitations period.

23         30.   Defendant denies that it misclassified Plaintiff or any member of the putative class

24   as exempt from the overtime laws and further denies that any overtime wages are due and owing

25   to Plaintiff and the putative class members.  However, because Plaintiff has alleged that he and the

26   putative class members "customarily and regularly work at least eight hours on each workday . . .

27   [and] are required to work overtime hours every month," the court should apply to the amount in

28   controversy requirement a conservative assumption of one hour of unpaid overtime wages for each

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

NOTICE OF REMOVAL

1   putative class member during each workweek. *See, e.g., Soto v. Greif Packaging*, LLC, 2018 WL

2   1224425, *3 (C.D. Cal. Mar. 8, 2018) (finding it reasonable to assume one hour of unpaid wages

3   per employee per workweek where plaintiff alleged that defendant failed to pay him and the class

4   members for all hours worked on a "consistent and regular basis"); *Reyes v. Carehouse*

5   *Healthcare Center, LLC*, 2017 WL 2869499, *4 (C.D. Cal. July 5, 2017) (defendant's estimate of

6   one hour of unpaid overtime wages per workweek was reasonable where plaintiff alleged that

7   defendants engaged in a "regular practice of willfully, unfairly and unlawfully" depriving plaintiff

8   and the class members of compensation).

9          31.     Here, assuming one (1) hour of unpaid overtime wages per week for each putative

10  class member, the total amount of unpaid wages would exceed **$6,521,350** (*i.e.*, $50 [1.5 times the

11  average hourly wage rate applicable during class period] x 130,427 [number of weeks worked by

12  putative class members during the class period]).  (Musgrove Decl., ¶¶ 6-7.)

13                      **b.     Unpaid Rest Period Premiums**

14         32.     Plaintiff also alleges that Defendant "willfully, intentionally, and knowingly did not

15  provide Plaintiff and other Store Manager the required number of breaks, including, without

16  limitation, a 10-minute rest break for each and every four hours worked" (Complaint, ¶¶ 21, 28,

17  and 36.)  He claims that, "because Walgreens misclassified Mr. Morales and other Store Managers

18  in California as exempt, Walgreens does not provide them with the required number of rest breaks,

19  including, without limitation, a 10-minute rest break for each and every 4 hours worked..."  (Ex.

20  A, pages 1-2.)  In other words, Plaintiff claims that he and the putative class members were never

21  authorized and permitted to take rest breaks because, as exempt employees, Defendant did not

22  believe that they were entitled to such rest breaks.

23         33.     Under California law, employees who are denied the opportunity to take proper rest

24  periods are entitled to one hour of premium pay for each day that a rest period is not authorized or

25  permitted. *See Marlo v. United Parcel Service, Inc.*, 2009 WL 1258491, *7 (C.D. Cal. 2009).  As

26  a matter of law, rest period claims are properly considered in determining the amount in

27  controversy. *See, e.g., Muniz v. Pilot Travel Ctr. LLC*, 2007 WL 1302504, *4 (E.D. Cal. 2007);

28  *Helm v. Alderwoods Group, Inc.*, 2008 WL 2002511, *8 (N.D. Cal. 2008).

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

34.     Plaintiff also alleges that the failure to provide rest periods constitutes unfair competition within the meaning of Business and Professions Code Section 17200. (Complaint, ¶ 28.) The statute of limitations for such a claim is four (4) years. Cal. Bus. & Prof. Code § 17208. Accordingly, the measure of alleged potential damages for the rest break claim is based on a four-year limitations period.

35.     Where, as here, a plaintiff alleges that, due to the misclassification of employees as exempt, the defendant did not provide the plaintiff with the required number of rest breaks, it is reasonable to assign a 100 % violation rate for purposes of calculating the amount in controversy.

36.     However, although Defendant would be well within its right to apply a 100% violation rate, for removal purposes, Defendant assumes a violation rate of one violation per putative class member per workweek. This is more than reasonable, as numerous courts have held that an estimate of one violation per workweek is proper when a plaintiff alleges that the violation occurs regularly, consistently, or systematically. *See Campbell v. Vitran Exp., Inc.,* 471 Fed. Appx. 646, 649 (9th Cir. 2012) (finding an assumption that "each claimant missed at least one rest break and one meal break per week" was adequately supported by the complaint where the complaint alleged that defendant "regularly and consistently failed to provide uninterrupted meal and rest periods"); *Byrd v. Masonite Corp.,* 2016 WL 2593912, *5 (C.D. Cal. May 5, 2016) (allegations of a systematic practice supports the "assumption that each class member missed one meal period and one rest period per week"); *Garza v. Brinderson Constructors, Inc.,* 178 F.Supp.3d 906, 911 (N.D. Cal. 2016) (assumption of one meal and one rest violation per week reasonable where the complaint alleged that plaintiff "regularly" missed meal breaks); *Arreola v. Finish Line,* 2014 WL 6982571, at *4 (N.D. Cal. Dec. 9, 2014) (finding that pleading "regular or consistent practice" supports assumption that every class member "experienced at least one violation once per week"). Plaintiff's allegation that Defendant failed to provide him with rest breaks *because* it misclassified him as exempt from California's rest break requirements justifies an assumed violation rate at least as high as when a plaintiff claims that violations occurred regularly, consistently, or systematically.

37.     Defendant denies that it misclassified Plaintiff and members of the putative class as

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

exempt from the California wage and hour laws, including the rest break requirements. However, assuming Plaintiff and the putative class members were entitled to rest breaks (due to the alleged misclassification as exempt under California law) and denied the opportunity to take one compliant rest break each workweek during the class period, the total amount of missed rest break premiums would exceed **$4,347,131** (*i.e.*, $33.33 [average hourly wage rate applicable during class period] x 130,427 [number of weeks worked by putative class members during the class period]). (Musgrove Decl., ¶ 6-7.)

### c.   Waiting Time Penalties

38.     Plaintiff alleges that, "Throughout the Class Period, Defendant did not pay Morales and the subclass members the premium for missed rest breaks and overtime." (Complaint, ¶ 46.) He seeks penalties pursuant to Labor Code § 203 for all putative class members who were terminated or resigned equal to their daily wage times thirty (30) days. (Complaint, ¶¶ 10, 47.) The statute of limitations for penalties under California Labor Code § 203 is three (3) years. *See* Cal. Civ. Proc. Code § 338(a).

39.     The number of putative class members who stopped working for Defendant between October 16, 2015 and December 1, 2018 is at least 193. (Musgrove Decl., ¶ 9.) Accordingly, based on the allegations of the Complaint, any putative class member who stopped working for Defendant during the relevant time period is entitled to 30 days' continuation of wages as a penalty under California Labor Code section 203. *See Quintana v. Claire's Stores, Inc.*, 2013 WL 1736671, *4-6 (N.D. Cal. 2013) ("As to the waiting time claims, the court finds that Defendants' calculations" of thirty-days of waiting time penalties for each putative class member terminated during the statute of limitations "are supported by Plaintiffs' allegations and are a reasonable estimate of the potential value of the claims.").

40.     Thus, according to Plaintiff's allegations, Plaintiff contends that former putative class members are entitled to recover at least **$1,543,845** (*i.e.* $33.33 [hourly rate during class period] x 8 [8-hour work day] x 30 days [waiting time penalty] x 193 [number of putative class members who stopped working for Defendant between October 16, 2015 and December 1, 2018]). (Musgrove Decl., ¶ 6, 8.)

### d.   Attorneys' Fees

41.   Plaintiff seeks attorneys' fees on behalf of the putative class.  (Complaint, Prayer for Relief at ¶ 12.)  Attorneys' fees are properly included in the amount in controversy.  *See, Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (statutorily-mandated attorneys' fees are properly included in the amount in controversy for CAFA jurisdiction purposes).

42.   When, as here, a plaintiff seeks to recover attorneys' fees as permitted by California law, the court must consider future attorneys' fees when determining the amount in controversy.  *Fritsch v. Swift Transportation Company of Arizona, LLC*, No. 18-55746, 2018 WL 3748667 (9th Cir. Aug. 8, 2018).  In class action litigation, courts routinely grant attorneys' fees awards that range from 25% to 33% of the settlement or verdict amount.  *See, e.g., Hanlon v. Center for Auto Safety*, 150 F.3d 1011, 1029 (9th Cir. 1998) ("This circuit has established 25% of the common fund as a benchmark award for attorney fees"); *In re Activision Securities Litigation*, 723 F. Supp. 1373, 1378 (N.D. Cal. 1989) (awarding 30% attorneys' fee award and compiling cases where range of attorneys' fee award ranged between 25% and more than 40%).  Accordingly, including attorneys' fees of 25% is reasonable when calculating the amount in controversy.  *See, e.g., Giannini v. Northwestern Mut. Life Ins. Co.*, 2012 WL 1535196, at *4 (N.D. Cal. 2012) (holding that defendant's inclusion of attorneys' fees to satisfy amount in controversy was reasonable where defendant's "base this amount by multiplying by twenty-five percent the sum of the amounts placed in controversy by the four claims" asserted by plaintiff.); *Jasso v. Money Mart Express, Inc.*, 2012 WL 699465, at *6-7 (N.D. Cal. 2012) (holding that "it was not unreasonable for [Defendant] to rely on" an "assumption about the attorneys' fees recovery as a percentage of the total amount in controversy" and noting that "it is well established that the Ninth Circuit 'has established 25% of the common fund as a benchmark award for attorney fees.'")

43.   Assuming Plaintiff prevailed on a class-wide basis in this case, the estimated attorneys' fees, based on the foregoing conservative calculations, would be **$3,103,081** (*i.e.*, $12,412,326 [amount in controversy for failure to pay overtime, failure to provide rest breaks, and

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

1   waiting time penalties] x 25%).

2         **e.**    **Summary of Amount in Controversy**

3       In light of the foregoing, Plaintiff's allegations establish an amount in controversy well in

4   excess of the jurisdictional minimum of $5 million for purposes of removal under CAFA.  The

5   minimum amount in controversy, using the most conservative possible estimates,[2] is summarized

6   as follows:

| Claim | Amount |
|---|---|
| Failure to pay overtime | $6,521,350 |
| Failure to provide rest breaks | $4,347,131 |
| Waiting time penalties | $1,543,845 |
| Attorneys' Fees | $3,103,081 |
| **Total:** | **$15,515,407** |

14       44.    Accordingly, removal of this action under CAFA is proper under 28 U.S.C.

15   §1332(d).

17   **THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1446 ARE SATISFIED**

18       45.    In accordance with 28 U.S.C. §1446(a), this Notice of Removal is filed in the

19   District in which the action is pending.  The San Francisco County Superior Court is located

20   within the Northern District of California.  Therefore, venue is proper in this court because it is the

21   "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

22       46.    In accordance with 28 U.S.C. §1446(a), copies of all process, pleadings, and orders

23   served upon Defendant are attached as Exhibits to this Notice.

24       47.    In accordance with 28 U.S.C. §1446(d), a copy of this Notice is being served upon

25   counsel for Plaintiff, and a notice will be filed with the Clerk of the Superior Court of California

---

[2] Notably, the aforementioned amounts in controversy exclude the potential liability for Plaintiff's claim for failure to provide accurate itemized wage statements.

1  for the County of San Francisco.  Notice of Compliance shall be filed promptly afterwards with

2  this court.

3       48.    As required by Federal Rule of Civil Procedure 7.1, Defendant concurrently filed

4  its Certificate of Interested Parties.

5  **<u>CONCLUSION</u>**

6      For the foregoing reasons, Defendant hereby removes the above-entitled action to United

7  States District Court for the Northern District of California.

8

9

10  Dated: January 7, 2019                Allison C. Eckstrom
                               Christopher J. Archibald

11                                 Michael E. Olsen
                               **BRYAN CAVE  LEIGHTON PAISNER LLP**

12

13                                 By:   */s/ Christopher J. Archibald*

14                                       Christopher J. Archibald
                               Attorneys for Defendant

15                                 WALGREEN CO.

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

NOTICE OF REMOVAL

EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WALGREEN CO., an Illinois Corporation, and DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ALFRED MORALES, individually and on behalf of all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Francisco Superior Court

Civic Center Courthouse, 400 McAllister St., San Francisco, CA 94102

**CASE NUMBER:**
*(Número del Caso):*
**CGC-18-570597**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ray E. Gallo, Gallo LLP, 1604 Solano Ave., Suite B, Berkeley, CA 94707; 415-257-8800

| DATE: **OCT 1 6 2018**<br>*(Fecha)* | CLERK OF THE COURT | Clerk, by<br>*(Secretario)* SE LR VEGA-NAVARRO, Rossaly | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Walgreen Co.

under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
 ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
 ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

 ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

COPY     FAXED

Ray E. Gallo (SBN 158903)
rgallo@gallo.law
Dominic Valerian (SBN 240001)
dvalerian@gallo.law
Nathaniel Simons (SBN 319065)
nsimons@gallo.law
GALLO LLP
1604 Solano Ave., Suite B
Berkeley, CA 94707
Phone: 415.257.8800

Edward J. Wynne (SBN 165819)
ewynne@wynnelawfirm.com
George R. Nemiroff (SBN 262058)
gnemiroff@wynnelawfirm.com
WYNNE LAW FIRM
80 E Sir Francis Drake Blvd, Suite 3G
Larkspur CA 94939
Phone: 415-461-6400

Attorneys for Plaintiff Alfred Morales

**ENDORSED**
**F I L E D**
San Francisco County Superior Court

**OCT 16 2018**

CLERK OF THE COURT
BY: ROSSALY DE LA VEGA
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

ALFRED MORALES, individually and on behalf of all others similarly situated,

        Plaintiff,

v.

WALGREEN CO., an Illinois Corporation, and DOES 1-50, inclusive,

        Defendants.

Case No. **CGC-18-570597**

**CLASS ACTION**

**COMPLAINT FOR:**

1. **Violations of California Bus. & Prof. Code § 17200**
2. **Failure to Pay Overtime (Lab. Code § 510)**
3. **Failure to Pay Premium for Missed Rest Breaks (Lab. Code § 226.7 & 8 CCR § 11070 ¶12(B))**
4. **Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions (Lab. Code § 226)**
5. **Waiting Time Penalties (Lab. Code § 201-203)**

**DEMAND FOR JURY TRIAL**



**COMPLAINT**

## INTRODUCTION

1.     Walgreen Co. ("Walgreens") called Alfred Morales ("Morales" or "Plaintiff") the "Store Manager" at one of its drug stores. But, like others with that title in California Walgreens stores, Mr. Morales spent more of his time performing the hourly tasks of a cashier, pharmacy technician, etc., than he did managing the store, he did not regularly exercise independent judgment and discretion on matters of significance, and he worked overtime. California law entitles all such employees to overtime wages and to paid rest breaks. But Walgreens has failed to pay Morales and the class members their earned overtime wages, and has failed to provide legally required breaks. Walgreens owes Morales and the class unpaid wages, penalties, interest, and attorneys' fees.

2.     Morales brings this lawsuit pursuant to California Code of Civil Procedure § 382 for himself and all others employed by Walgreens as a Store Manager, or the functional equivalent however titled, in California, at any time during the period from four years prior to the filing of this action until the date of certification (the "Class Period").

3.     The allegations herein concerning Morales individually are true to the best of Plaintiff's current knowledge and belief. Morales is informed and believes the remainder are true based on the investigation of counsel.

## PARTIES

4.     Plaintiff is a natural person working and living in California. During the Class Period, Plaintiff was employed by Walgreens as a Store Manager in the State of California and in this judicial district.

5.     Walgreen Co. is an Illinois corporation with its principal place of business located at 200 Wilmot Road, Deerfield, IL 60015.

6.     The true names and capacities of persons or entities, whether individual, corporate, associate, or otherwise, sued herein as DOES 1 through 50, inclusive, are currently unknown to Plaintiff, who therefore sues these Defendants by these fictitious names under Code of Civil Procedure § 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE defendant is legally responsible in some manner for the

## COMPLAINT

unlawful acts referred to herein. DOES 1-50 include, but are not limited to, Walgreens co-employers, predecessors, successors, parent and affiliate corporations, and officers, directors, and managers. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when ascertained.

## VENUE AND JURISDICTION

7.       Venue is proper in this Court pursuant to Code of Civil Procedure Sections 395 and 395.5 because Walgreens employed Morales in this judicial district, Morales's injuries occurred in this judicial district, and a substantial part of the events and omissions giving rise to Morales's claims occurred in this judicial district.

8.       This Court has general subject matter jurisdiction.

## CLASS ALLEGATIONS

9.       Morales seeks to represent a class defined as:

> All individuals  employed by Walgreens as a Store Manager, or the functional equivalent however titled, in California at any time during the period from four years prior to the filing of this action until the date of certification.

10.      Morales seeks to represent a subclass defined as:

> All class members whose employment by Walgreens was or is terminated during the period from four years prior to the filing of this action until the date of certification.

11.      <u>Numerosity</u>. The proposed class and subclass are so numerous that joinder is impractical.

12.      <u>Typicality and Adequacy</u>. There are questions of law and fact common to all members of the proposed class and subclass. Mr. Morales is similarly situated to the other members of the proposed class and subclass and is an adequate representative of the proposed class and subclass. Mr. Morales's claims are typical of the claims of class and subclass members. He suffered injuries like those suffered by the other class and subclass members from Defendant's common wage payment policies and practices. He will fairly and adequately protect the interests of the members of the class and subclass. He has no interest that is adverse to the interests of the other class and subclass members. He has retained attorneys who are competent

## COMPLAINT

and experienced in the prosecution of wage and hour class action litigation.

13.    _Ascertainability_. The proposed class and subclass are ascertainable. Their members can be identified and located using Defendant's records.

14.    _Commonality_. Common questions of law and fact predominate over questions that affect only individual members of the proposed class and subclass. Common questions include, without limitation:

a.    Whether the class members qualify for exempt status;

b.    Whether Walgreens is a "retail or service establishment";

c.    What Walgreens expectations are as to the duties and responsibilities of Store Managers, and whether these expectations are reasonable under the circumstances;

d.    Whether Walgreens's illegal acts were wilfull;

e.    Whether and to what extent the Store Managers have been damaged; and,

f.    Whether and to what extent the Store Managers are entitled to penalties, interest and attorneys' fees.

15.    _Superiority_. A class or collective action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of all members of the proposed classes is impractical. Class or collective treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. Furthermore, as the damages suffered by each individual member of the proposed classes may be relatively small, the expense and burden of individual litigation could make it impractical, difficult, and/or impossible for individual members of the class to redress the wrongs done to them while an important public interest will be served by addressing the manner as a class action. The unnecessary cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

## FACTS COMMON TO ALL CAUSES OF ACTION

16.    Walgreens is the second-largest pharmacy store chain in the United States.

**COMPLAINT**

17.     The Store Managers were and are primarily engaged in unspecialized tasks, rather than executive, administrative, or professional tasks while employed by Walgreens.

18.     The Store Managers customarily and regularly perform a minority of their work engaged in managerial activities. The Store Managers are and at all relevant times have been required by Walgreens to follow a specific set of internal compliance guidelines and therefore are closely supervised by Defendant. Mr. Morales and other Store Managers do not and have not regularly exercised independent judgment and discretion on matters of significance.

19.     Store Managers customarily and regularly work at least eight hours on each workday. Store Managers are required to work overtime hours every month.

20.     Walgreens paid the Store Managers on a salary basis with no premium for overtime work, despite requiring a majority of their job duties be unspecialized and manual.

21.     Walgreens willfully, intentionally, and knowingly did not provide Plaintiff and other Store Managers the required number breaks including, without limitation, a 10-minute rest break for each and every 4 hours worked.

22.     Walgreens willfully, intentionally, and knowingly did not provide Plaintiff and other Store Managers with itemized wage statements as required.

23.     Walgreens willfully, intentionally, and knowingly failed to pay Plaintiff and other Store Managers their earned wages when due.

## FIRST CAUSE OF ACTION
### Violations of Bus. & Prof. Code § 17200 et seq.
### (Against All Defendants, by Morales and the Class)

24.     Morales incorporates all preceding and subsequent paragraphs as though repeated here.

25.     California Labor Code § 510 requires Walgreens to pay all of its non-exempt employees overtime equal to 1.5 times the employee's regular rate of pay for all hours worked beyond 40 per week. Morales and the proposed class are not exempt under the California Labor Code. Among other things, they did not and do not perform work directly related to the management or general business operations of Walgreens, they are/were primarily engaged in manual labor, unspecialized, and/or sales related activities, and they did not and do not spend a

**COMPLAINT**

majority of their time on exempt tasks.

26.     Walgreens has committed an act of unfair competition by not paying the required overtime pay to Morales and the Store Managers.

27.     Pursuant to California Business & Professions Code § 17203, Morales requests an order requiring Walgreens to make restitution of all overtime wages due to him and the members of the class in an amount to be proved at hearing.

28.     Labor Code § 226.7(c) and 8 CCR § 11070 ¶12(B) require that an employee receive rest periods, which shall be based on the total daily hours worked at the rate of 10 minutes net rest time per 4 hours or major fraction thereof. Morales and the proposed class are not exempt under the California Labor Code, because, among other things, they did not and do not perform work directly related to the management or general business operations of Walgreens, they are/were primarily engaged in manual labor, unspecialized and/or sales related activities, and they did not and do not spend a majority of their time on exempt tasks.

29.     Walgreens has committed an act of unfair competition by not providing the required rest periods. Because Walgreens failed to provide Morales and the class with rest breaks, Walgreens is obliged by Labor Code § 226.7(c) and 8 CCR § 11070 ¶12(B) to pay one additional hour's wage for each rest break not provided for every 4 hours worked.

30.     Pursuant to California Business & Professions Code § 17203, Morales requests an order requiring Walgreens to make restitution of all overtime wages due.

## SECOND CAUSE OF ACTION
### Failure to Pay Overtime (Lab. Code § 510)
### (Against All Defendants, by Morales and the Class)

31.     Morales incorporates all preceding and subsequent paragraphs as though repeated here.

32.     California Labor Code § 510 and Wage Order 4-2001, 8 C.C.R. § 11070, require that an employee be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week or 8 per day. Morales and the members of the class are not exempt because, among other things, they did not and do not perform work directly related to the management or general business operations of Walgreens, they are/were primarily engaged in

Page 6

**COMPLAINT**

manual labor, unspecialized and/or sales related activities, and they did not and do not spend a majority of their time on exempt tasks. Walgreens has violated California labor law by not paying the required overtime pay to Morales and the members of the class.

33.     Pursuant to Labor Code § 218.6, Plaintiff requests prejudgment interest on all wages from the date the wages were due and payable.

34.     Pursuant to California Labor Code §§ 218.5 and 1194, Morales requests an order requiring Walgreens to pay damages of all overtime wages due to them and the members of the class in an amount to be proved at hearing as well as attorneys' fees and costs.

### THIRD CAUSE OF ACTION
### Failure to Pay Premium for Missed Rest Breaks
### (Lab. Code 226.7 &  8 CCR § 11070 ¶12(B))
### (Against All Defendants, by Morales and the Class)

35.     Morales incorporates all preceding and subsequent paragraphs as though repeated here.

36.     8 C.C.R. § 11070 (12) requires that an employer authorize all employees to take one 10 minute rest period for every 4 hours worked, or portion thereof (excluding shifts of 3.5 hours or less). Morales and the members of the class are not exempt because, among other things, they did not and do not perform work directly related to the management or general business operations of Walgreens, they are/were primarily engaged in manual labor, unspecialized and/or sales related activities, and they did not and do not spend a majority of their time on exempt tasks. Walgreens has violated California labor law by not providing Morales and the class with at least one 10 minute rest periods per each 4 hours of work.

37.     Pursuant to Cal. Code Reg. tit. 8, § 11070(12), Plaintiff requests 1 hour of pay at his regular rate of compensation for each workday that the rest period was not provided.

### FOURTH CAUSE OF ACTION
### Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions (Lab. Code § 226)
### (Against All Defendants, by Morales and the Class)

38.     Morales incorporates all preceding and subsequent paragraphs as though repeated here.

**COMPLAINT**

39.     Labor Code § 226(a) requires an employer at the time of each payment of wages to furnish its employees with an accurate itemized statement in writing showing, among other things: (1) gross wage earned, (2) total hours worked, (3) all deductions, (4) net wages earned, and/or (5) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate.

40.     Because Walgreens did not pay Morales and the class members the premium for missed rest breaks and overtime, Walgreens systematically failed to provide wage statements with accurate information and engaged in a policy of under-reporting hours actually worked.

41.     Morever, in violation of Labor Code § 226(b), Walgreens did not maintain employer records of the information required in Labor Code § 226(a), including the hours actually worked by Morales and the class members.

42.     Walgreens knowingly and intentionally failed to provide Morales and the class members with statements itemizing the total hours worked during each pay period in violation of Labor Code § 226(e). Morales is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

## FIFTH CAUSE OF ACTION
### Waiting Time Penalties (Lab. Code § 201-203)
### (Against All Defendants, by Morales and the Subclass)

43.     Morales incorporates all preceding and subsequent paragraphs as though repeated here.

44.     Labor Code §§ 201-203 require an employer to timely pay all earned wages, and impose a penalty of one day's wages for each day of delay, to a maximum of 30 day's pay.

45.     As earned wages, the rest breakand overtime wages were due immediately upon discharge.

46.     Throughout the Class Period, Defendant did not pay Morales and the subclass members the premium for missed rest breaks and overtime. Accordingly, Defendant systematically and willfully failed to pay wages earned.

47.     Defendant willfully failed to pay wages earned for 30 days after they were due.

**COMPLAINT**

This failure requires Defendant to pay penalties equal to one day's wages for each day that payment is delayed, up to 30 days, pursuant to Labor Code §203.

48.     Morales and the subclass seek and are entitled to penalties accordingly.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1.     For an order certifying the proposed class, and sub-class, and designating this action as a class action pursuant to C.C.P. § 382;

2.     For an order appointing Plaintiff and his counsel to represent the proposed class and subclass as defined herein;

3.     For compensatory damages according to proof;

4.     For an order requiring Defendant to make restitution of all wages that were illegally withheld;

5.     For waiting time penalties;

6.     For prejudgment interest, in an amount according to proof, including but not limited to as authorized by Labor Code §§ 218.6 and 1194(a) and Civil Code §§3287(b) and 3289;

7.     For an order requiring Defendant to pay all wages incurred as a result of Defendant's failure to provide Plaintiff and the class with required rest peiods;

8.     For damages sustained and/or penalties for not receiving accurate wage statements pursuant to Labor Code §226 in an amount according to proof;

9.     For penalties equal to one day's wages for each day that payment was delayed, up to 30 days, pursuant to Labor Code §203 (for the subclass);

10.    For preliminary and permanent injunctive relief, including but not limited to an order that Walgreens account for, disgorge, and restore to Plaintiff and other current and former Store Managers the unlawfully unpaid premium for non-compliant rest breaks, and for a court order enjoining Walgreens from continuing to fail to pay its employees in accordance with California law and from continuing to engage in the aforesaid unlawful and unfair practices;

## COMPLAINT

11.    For other penalties and liquidated damages as alleged herein;

12.    For reasonable attorneys' fees and costs; and,

13.    For such other and further relief as the Court deems just and proper.

DATED:  October 15, 2018                    **RESPECTFULLY SUBMITTED,**

                                            **GALLO LLP**
                                            **THE WYNNE LAW FIRM**

                                    By: _____
                                            Ray E. Gallo
                                            Attorneys for Plaintiff Alfred Morales,
                                            individually and on behalf of all others
                                            similarly situated

**COMPLAINT**

1

## DEMAND FOR JURY TRIAL

2

Plaintiff hereby demands a jury trial of all issues, matters, and claims so triable.

3

4

5   DATED:  October 15, 2018

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**GALLO LLP**
**THE WYNNE LAW FIRM**

By: _____
Ray E. Gallo
Attorneys for Plaintiff Alfred Morales,
individually and on behalf of all others
similarly situated

**COMPLAINT**

CASE NUMBER: CGC-18-570597  ALFRED MORALES VS. WALGREEN CO AN ILLINOIS COR

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

> **DATE:**   **MAR-20-2019**
>
> **TIME:**   **10:30AM**
>
> **PLACE:**  **Department 610**
> **400 McAllister Street**
> **San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order  **without an appearance**   at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.  **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3869

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address):
— Ray E. Gallo (SBN 158903), Dominic Valerian (240001)
Gallo LLP
1604 Solano Ave., Suite B, Berkeley, CA 94707

TELEPHONE NO: 415-257-8800          FAX NO:
ATTORNEY FOR (Name): Alfred Morales

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN FRANCISCO
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS: 400 McAllister St.
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civil Center Courthouse

CASE NAME:
Morales v. Walgreen Co.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited ☐ Limited<br>(Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CGC-18-570597<br>JUDGE: |

ENDORSED
FILED
San Francisco County Superior Court
OCT 16 2018
CLERK OF THE COURT
BY: ROSSALY DE LA VEGA
Deputy Clerk

Items 1–5 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

Auto Tort
☐ Auto (22)
☐ Uninsured motorist (46)

Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

Non-PI/PD/WD (Other) Tort
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

Employment
☐ Wrongful termination (36)
☑ Other employment (15)

Contract
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

Real Property
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

Unlawful Detainer
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

Judicial Review
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

Enforcement of Judgment
☐ Enforcement of judgment (20)

Miscellaneous Civil Complaint
☐ RICO (27)
☐ Other complaint (not specified above) (42)

Miscellaneous Civil Petition
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): (5)
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date: October 15, 2018
Ray E. Gallo
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

NOTICE
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

### INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition



# Superior Court of California, County of San Francisco
## Alternative Dispute Resolution
## Program Information Package



> The plaintiff must serve a copy of the ADR information package
> on each defendant along with the complaint.  (CRC 3.221(c))

## WHAT IS ADR?
Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial.  There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences.  In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to court.

## WHY CHOOSE ADR?
"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial." (Local Rule 4)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.**  A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.**  The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.**  For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

## HOW DO I PARTICIPATE IN ADR?
Litigants may elect to participate in ADR at any point in a case.  General civil cases may voluntarily enter into the court's ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet) at the clerk's office located at 400 McAllister Street, Room 103;
- Indicating your ADR preference on the Case Management Statement (also attached to this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San Francisco's ADR Services at 415-782-8905 or www.sfbar.org/adr for more information.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA  94102
415-551-3869

*Or, visit the court ADR website at www.sfsuperiorcourt.org*

The San Francisco Superior Court offers different types of ADR processes for general civil matters; each ADR program is described in the subsections below:

## 1) SETTLEMENT CONFERENCES

The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute early in the litigation process.

**(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP):** ESP remains as one of the Court's ADR programs (see Local Rule 4.3) but parties must select the program – the Court no longer will order parties into ESP.

**Operation:** Panels of pre-screened attorneys (one plaintiff, one defense counsel) each with at least 10 years' trial experience provide a minimum of two hours of settlement conference time, including evaluation of strengths and weakness of a case and potential case value. On occasion, a panelist with extensive experience in both plaintiff and defense roles serves as a sole panelist. BASF handles notification to all parties, conflict checks with the panelists, and full case management. The success rate for the program is 78% and the satisfaction rate is 97%. Full procedures are at: www.sfbar.org/esp.

**Cost:** BASF charges an administrative fee of $295 per party with a cap of $590 for parties represented by the same counsel. Waivers are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see enclosed brochure.

**(B) MANDATORY SETTLEMENT CONFERENCES:** Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference. See Local Rule 5.0 for further instructions. Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO,** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

**Operation:** Experienced professional mediators, screened and approved, provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. The BASF website contains photographs, biographies, and videos of the mediators as well as testimonials to assist with the selection process. BASF staff handles conflict checks and full case management. Mediators work with parties to arrive at a mutually agreeable solution. The success rate for the program is 64% and the satisfaction rate is 99%.

**Cost:** BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the administrative fee are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see the enclosed brochure.

**(B) JUDICIAL MEDIATION** provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at anytime throughout the litigation process.

**Operation:** Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge for the Judicial Mediation program.

**(C) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, parties may elect any private mediator of their choice; the selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

## 3) ARBITRATION

An arbitrator is neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

**(A) JUDICIAL ARBITRATION:** When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.

**Operation:** Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.2 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after the filing of a complaint. There is no cost to the parties for judicial arbitration.

**(B) PRIVATE ARBITRATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. YOU MUST ALSO CONTACT BASF TO ENROLL IN THE LISTED BASF PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF.



# Superior Court of California
## County of San Francisco



HON. TERI L. JACKSON
PRESIDING JUDGE

## Judicial Mediation Program

ELIZABETH M. KELBER
ADR ADMINISTRATOR

The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to personal injury, professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial Mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable Suzanne R. Bolanos
The Honorable Angela Bradstreet
The Honorable Andrew Y.S. Cheng
The Honorable Curtis E.A. Karnow
The Honorable Charlene P. Kiesselbach

The Honorable Anne-Christine Massullo
The Honorable James Robertson, II
The Honorable John K. Stewart
The Honorable Richard B. Ulmer, Jr.
The Honorable Mary E. Wiss

Parties interested in Judicial Mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program and deliver a courtesy copy to Department 610. A preference for a specific judge may be indicated on the request, and although not guaranteed due to the judge's availability, every effort will be made to fulfill the parties' choice for a particular judge. Please allow at least 30 days from the filing of the form to receive the notice of assignment. The court's Alternative Dispute Resolution Administrator will facilitate assignment of cases that qualify for the program.

Note: Space and availability is limited. Submission of a stipulation to Judicial Mediation does *not* guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

06/2018 (ek)

## EJT-001-INFO   Expedited Jury Trial Information Sheet

This information sheet is for anyone involved in a civil lawsuit who will be taking part in an **expedited jury trial**—a trial that is shorter and has a smaller jury than a traditional jury trial.

> You can find the law and rules governing expedited jury trials in Code of Civil Procedure sections 630.01–630.29 and in rules 3.1545–3.1553 of the California Rules of Court. You can find these at any county law library or online. The statutes are online at *http://leginfo.legislature.ca.gov/faces/codes.xhtml.* The rules are at *www.courts.ca.gov/rules.*

### (1)  What is an expedited jury trial?

An expedited jury trial is a short trial, generally lasting only one or two days. It is intended to be quicker and less expensive than a traditional jury trial.

As in a traditional jury trial, a jury will hear your case and will reach a decision about whether one side has to pay money to the other side. An expedited jury trial differs from a regular jury trial in several important ways:

- **The trial will be shorter.** Each side has 5 hours to pick a jury, put on all its witnesses, show the jury its evidence, and argue its case.
- **The jury will be smaller.** There will be 8 jurors instead of 12.
- **Choosing the jury will be faster.** The parties will exercise fewer challenges.

### (2)  What cases have expedited jury trials?

- **Mandatory expedited jury trials.** All limited civil cases—cases where the demand for damages or the value of property at issue is $25,000 or less—come within the *mandatory expedited jury trial* procedures. These can be found in the Code of Civil Procedure, starting at section 630.20. Unless your case is an unlawful detainer (eviction) action, or meets one of the exceptions set out in the statute, it will be within the expedited jury trial procedures. These exceptions are explained more in (7) below.
  - **Voluntary expedited jury trials.** If your civil case is not a limited civil case, or even if it is, you can choose to take part in a *voluntary expedited jury trial,* if all the parties agree to do so. Voluntary expedited jury trials have the same shorter time frame and smaller jury that

mandatory ones do, but have one other important aspect—**all parties must waive their rights to appeal.** In order to help keep down the costs of litigation, there are no appeals following a *voluntary* expedited jury trial except in very limited circumstances. These are explained more fully in (9).

### (3)  Will the case be in front of a judge?

The trial will take place at a courthouse and a judge, or, if you agree, a temporary judge (a court commissioner or an experienced attorney that the court appoints to act as a judge) will handle the trial.

### (4)  Does the jury have to reach a unanimous decision?

No. Just as in a traditional civil jury trial, only three-quarters of the jury must agree in order to reach a decision in an expedited jury trial. With 8 people on the jury, that means that at least 6 of the jurors must agree on the verdict in an expedited jury trial.

### (5)  Is the decision of the jury binding on the parties?

Generally, yes, but not always. A verdict from a jury in an expedited jury trial is like a verdict in a traditional jury trial. The court will enter a judgment based on the verdict, the jury's decision that one or more defendants will pay money to the plaintiff or that the plaintiff gets no money at all.

But parties in an expedited jury trial, like in other kinds of trials, are allowed to make an agreement before the trial that guarantees that the defendant will pay a certain amount to the plaintiff even if the jury decides on a lower payment or no payment. That agreement may also put a cap on the highest amount that a defendant has to pay, even if the jury decides on a higher amount. These agreements are known as "high/low agreements." You should discuss with your attorney whether you should enter into such an agreement in your case and how it will affect you.

### (6)  How else is an expedited jury trial different?

The goal of the expedited jury trial process is to have shorter and less expensive trials.

- The cases that come within the mandatory expedited jury trial procedures are all limited civil actions, and they must proceed under the limited discovery and

Judicial Council of California, www.courts.ca.gov
Revised July 1, 2016, Mandatory Form
Code of Civil Procedure, § 630.01–630.10
Cal. Rules of Court, rules 3.1545–3.1553

**Expedited Jury Trial Information Sheet**

EJT-001-INFO, Page 1 of 2



## EJT-001-INFO   Expedited Jury Trial Information Sheet

pretrial rules that apply to those actions. See Code of Civil Procedure sections 90–100.

- The voluntary expedited jury trial rules set up some special procedures to help those cases have shorter and less expensive trials. For example, the rules require that several weeks before the trial takes place, the parties show each other all exhibits and tell each other what witnesses will be at the trial. In addition, the judge will meet with the attorneys before the trial to work out some things in advance.

The other big difference is that the parties in either kind of expedited jury trial can make agreements about how the case will be tried so that it can be tried quickly and effectively. These agreements may include what rules will apply to the case, how many witnesses can testify for each side, what kind of evidence may be used, and what facts the parties already agree to and so do not need the jury to decide. The parties can agree to modify many of the rules that apply to trials generally or to any pretrial aspect of the expedited jury trials.

**(7) Do I have to have an expedited jury trial if my case is for $25,000 or less?**

Not always. There are some exceptions.

- The mandatory expedited jury trial procedures do not apply to any unlawful detainer or eviction case.
- Any party may ask to opt out of the procedures if the case meets any of the criteria set out in Code of Civil Procedure section 630.20(b), all of which are also described in item 2 of the *Request to Opt Out of Mandatory Expedited Jury Trial* (form EJT-003). Any request to opt out must be made on that form, and it must be made within a certain time period, as set out in Cal. Rules of Court, rule 3.1546(c). Any opposition must be filed within 15 days after the request has been served.

> *The remainder of this information sheet applies only to voluntary expedited jury trials.*

**(8) Who can take part in a voluntary expedited jury trial?**

The process can be used in any civil case that the parties agree may be tried in one or two days. To have a voluntary expedited jury trial, both sides must want one. Each side must agree to all the rules described in (1), and to waive most appeal rights. The agreements between the parties must be put into writing in a

document called *[Proposed] Consent Order for Voluntary Expedited Jury Trial*, which will be submitted to the court for approval. (Form EJT-020 may be used for this.) The court must issue the consent order as proposed by the parties unless the court finds good cause why the action should not proceed through the expedited jury trial process.

**(9) Why do I give up most of my rights to an appeal in a voluntary expedited jury trial?**

To keep costs down and provide a faster end to the case, all parties who agree to take part in a voluntary expedited jury trial must agree to waive the right to appeal the jury verdict or decisions by the judicial officer concerning the trial unless one of the following happens:

- Misconduct of the judicial officer that materially affected substantial rights of a party;
- Misconduct of the jury; or
- Corruption or fraud or some other bad act that prevented a fair trial.

In addition, parties may not ask the judge to set the jury verdict aside, except on those same grounds. Neither you nor the other side will be able to ask for a new trial on the grounds that the jury verdict was too high or too low, that legal mistakes were made before or during the trial, or that new evidence was found later.

**(10) Can I change my mind after agreeing to a voluntary expedited jury trial?**

No, unless the other side or the court agrees. Once you and the other side have agreed to take part in a voluntary expedited jury trial, that agreement is binding on both sides. It can be changed only if **both** sides want to change it or stop the process or if a court decides there are good reasons the voluntary expedited jury trial should not be used in the case. This is why it is important to talk to your attorney **before** agreeing to a voluntary expedited jury trial. This information sheet does not cover everything you may need to know about voluntary expedited jury trials. It only gives you an overview of the process and how it may affect your rights. **You should discuss all the points covered here and any questions you have about expedited jury trials with an attorney before agreeing to a voluntary expedited jury trial.**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name and address*) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:<br>ATTORNEY FOR (*Name*):<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>400 McAllister Street<br>San Francisco, CA 94102-4514<br><br>PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br><br>DEPARTMENT 610 |

**1)** **The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐ **Early Settlement Program of the Bar Association of San Francisco (BASF)** - Pre-screened experienced attorneys provide a minimum of 2 hours of settlement conference time for a BASF administrative fee of $295 per party. Waivers are available to those who qualify. BASF handles notification to all parties, conflict checks with the panelists, and full case management. www.sfbar.org/esp

☐ **Mediation Services of BASF** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org

☐ **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days   ☐ 90-120 days   ☐ Other (please specify) _____

☐ **Other ADR process (describe)** _____

**2)** **The parties agree that the ADR Process shall be completed by (date):** _____

**3)** **Plaintiff(s) and Defendant(s) further agree as follows:**

_____

---

| | |
|---|---|
| _____<br>Name of Party Stipulating | _____<br>Name of Party Stipulating |
| _____<br>Name of Party or Attorney Executing Stipulation | _____<br>Name of Party or Attorney Executing Stipulation |
| _____<br>Signature of Party or Attorney | _____<br>Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐ *Additional signature(s) attached*

**STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.:                    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT**<br>*(Check one):*   ☐ **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000)   ☐ **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | CASE NUMBER: |
|---|---|

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                    Time:                    Dept.:                    Div.:                    Room:

Address of court *(if different from the address above)*:

☐ Notice of Intent to Appear by Telephone, by *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐   This statement is submitted by party *(name)*:
   b. ☐   This statement is submitted **jointly** by parties *(names)*:


2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.   The complaint was filed on *(date)*:
   b. ☐   The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐   All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐   The following parties named in the complaint or cross-complaint
      (1) ☐   have not been served *(specify names and explain why not)*:

      (2) ☐   have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐   have had a default entered against them *(specify names)*:

   c. ☐   The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:


4. **Description of case**
   a.   Type of case in ☐ complaint        ☐ cross-complaint        *(Describe, including causes of action)*:

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.   b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
  a.   ☐ The trial has been set for *(date):*
  b.   ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

  c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
  a.   ☐ days *(specify number):*
  b.   ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
  a.   Attorney:
  b.   Firm:
  c.   Address:
  d.   Telephone number:         f.   Fax number:
  e.   E-mail address:         g.   Party represented:
    ☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
  a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
    (1)   For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
    (2)   For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
  b.   **Referral to judicial arbitration or civil action mediation** *(if available).*
    (1)   ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
    (2)   ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
    (3)   ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
b. Reservation of rights: ☐ Yes ☐ No
c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
☐ Bankruptcy ☐ Other *(specify):*
Status:

**13. Related cases, consolidation, and coordination**
a. ☐ There are companion, underlying, or related cases.
    (1) Name of case:
    (2) Name of court:
    (3) Case number:
    (4) Status:
    ☐ Additional cases are described in Attachment 13a.
b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
a. ☐ The party or parties have completed all discovery.
b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (*if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case*):

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference (*specify*):

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (*if not, explain*):

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following (*specify*):

**20. Total number of pages attached** (*if any*): _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: <br> ATTORNEY FOR (Name): | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO <br> 400 McAllister Street <br> San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER: <br><br> DEFENDANT/RESPONDENT: | |
| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: <br><br> **DEPARTMENT 610** |

1) **The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐　**Early Settlement Program of the Bar Association of San Francisco (BASF)** - Pre-screened experienced attorneys provide a minimum of 2 hours of settlement conference time for a BASF administrative fee of $295 per party. Waivers are available to those who qualify. BASF handles notification to all parties, conflict checks with the panelists, and full case management. www.sfbar.org/esp

☐　**Mediation Services of BASF** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐　**Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐　**Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org

☐　**Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days ☐ 90-120 days ☐ Other (please specify) _____

☐　**Other ADR process (describe)** _____

2) **The parties agree that the ADR Process shall be completed by (date):** _____

3) **Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

| | |
|---|---|
| _____ <br> Name of Party Stipulating | _____ <br> Name of Party Stipulating |
| _____ <br> Name of Party or Attorney Executing Stipulation | _____ <br> Name of Party or Attorney Executing Stipulation |
| _____ <br> Signature of Party or Attorney | _____ <br> Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐　*Additional signature(s) attached*

ADR-2  03/15　　　　**STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Ray E. Gallo (SBN 158903); Dominic Valerian (SBN 240001)<br>Gallo LLP<br>1604 Solano Ave., Suite B, Berkeley, CA 94707<br><br>TELEPHONE NO. 415-257-8800   FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: rgallo@gallo.law<br>ATTORNEY FOR *(Name)*: Alfred Morales | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
 STREET ADDRESS: 400 McAllister St.
 MAILING ADDRESS: 400 McAllister St.
 CITY AND ZIP CODE: San Francisco, CA 94102
 BRANCH NAME: Civic Center Courthouse

PLAINTIFF/PETITIONER: Alfred Morales

DEFENDANT/RESPONDENT: Walgreen Co.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CGC-18-570597 |
|---|---|

TO *(Insert name of party being served)*: Walgreen Co.

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: December 11, 2018

Season Shimizu
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other *(specify)*:

    Civil Case Cover Sheet; Notice to Plaintiff; Alternative Dispute Resolution Program Information
    Package; Stipulation to Alternative Dispute Resolution (ADR)

*(To be completed by recipient)*:

Date this form is signed: _____

▶

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

EXHIBIT B

POS-015

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Ray E. Gallo (SBN 158903); Dominic Valerian (SBN 240001)<br>Gallo LLP<br>1604 Solano Ave., Suite B, Berkeley, CA 94707 | **FOR COURT USE ONLY** |

TELEPHONE NO. 415-257-8800     FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):* rgallo@gallo.law
ATTORNEY FOR *(Name):* Alfred Morales

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS: 400 McAllister St.
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

PLAINTIFF/PETITIONER: Alfred Morales

DEFENDANT/RESPONDENT: Walgreen Co.

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | **CASE NUMBER:**<br>CGC-18-570597 |

TO *(insert name of party being served):* Walgreen Co.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: December 11, 2018

Season Shimizu
_____      ►  _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [✓]  A copy of the summons and of the complaint.
2. [✓]  Other *(specify):*
         Civil Case Cover Sheet; Notice to Plaintiff; Alternative Dispute Resolution Program Information
         Package; Stipulation to Alternative Dispute Resolution (ADR)

*(To be completed by recipient):*

Date this form is signed: 12/13/18

Allison C. Eckstrom
_____      ►  _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,        (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                   ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Page 1 of 1
Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

EXHIBIT C

**BRYAN CAVE LEIGHTON PAISNER LLP**
Allison Eckstrom, CA Bar No. 217255
    E-Mail: allison.eckstrom@bclplaw.com
Christopher J. Archibald, CA Bar No. 253075
    E-Mail: christopher.archibald@bclplaw.com
Michael E. Olsen, CA Bar No. 307358
    E-Mail: michael.olsen@bclplaw.com
3161 Michelson Drive, Suite 1500
Irvine, CA 92612-4414
Telephone: (949) 223-7000
Facsimile: (949) 223-7100

Attorneys for Defendant
WALGREEN CO.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO – CIVIC CENTER COURTHOUSE

| | |
|---|---|
| ALFRED MORALES, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>   v.<br><br>WALGREEN CO., an Illinois corporation, and DOES 1-50, inclusive,<br><br>            Defendants. | Case No.:  CGC-18-570597<br><br>**DEFENDANT WALGREEN CO.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>Hon. Teri L. Jackson<br>Department 610<br><br><br>Date Action Filed:  October 16, 2018 |

1     Defendant WALGREEN CO. ("Walgreens") hereby responds to the allegations contained

2  in the Complaint ("Complaint") filed by Plaintiff ALFRED MORALES ("Plaintiff") as follows:

3                                         **GENERAL DENIAL**

4     Pursuant to Code of Civil Procedure section 431.30(d), Walgreens denies generally and

5  specifically each and every allegation contained in the Complaint.  Walgreens further denies that

6  Plaintiff has been injured or damaged in any manner or amount or is entitled to any relief of any

7  kind.  Without limiting the generality of the foregoing, Walgreens generally and specifically

8  denies that Plaintiff, or any member of the putative class, has been damaged in any way or

9  amount, by reason of any acts or omissions of Walgreens, or at all.

10                                       **SEPARATE DEFENSES**

11    Walgreens specifically reserves the right to amend its Answer to allege further affirmative

12  defenses that it may have against Plaintiff and/or the putative class and/or subclasses.  The Court

13  has not yet certified a class, and the putative class members are not parties to the action.

14  Walgreens further reserves the right to amend its Answer if additional defenses become apparent

15  throughout the course of litigation.

16    Notwithstanding the foregoing, and without waiving its rights to assert additional

17  defenses, Walgreens alleges the following affirmative defenses that it now knows to be applicable

18  to Plaintiff and/or all or some of the putative class members.  As for its separate and independent

19  affirmative defenses in this action, and without conceding that it bears the burden of proof or

20  persuasion as to any affirmative defense, Walgreens alleges as follows:

21                                    **First Affirmative Defense**

22                    (Failure to State Facts Sufficient to Constitute a Cause of Action)

23    1.    The Complaint, and the each cause of action alleged therein, fails to state facts

24  sufficient to constitute a cause of action against Walgreens.

25  ///

26  ///

27  ///

28

12329538.1                                        1

DEFENDANT WALGREEN CO.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

1

### Second Affirmative Defense

2

(Exempt from Overtime)

3      2.     The Complaint, and each cause of action alleged therein, is barred because Plaintiff

4 and putative class are exempt from overtime laws pursuant to the exemptions under applicable

5 state laws. Accordingly, Plaintiff and the putative class are barred from any recovery on the

6 causes of action asserted in the Complaint.

7

### Third Affirmative Defense

8

(Statute of Limitations)

9      3.     The Complaint, and each cause of action alleged therein, is barred, in whole or in

10 part, by the applicable statutes of limitations, including, but not limited to, *Code of Civil*

11 *Procedure Sections* 337, 338(a), 339, 340(a), 340(b), and *Business & Professions Code* Section

12 17208.

13

### Fourth Affirmative Defense

14

(Standing)

15      4.     The Complaint, and each cause of action alleged therein, is barred because Plaintiff

16 lacks standing to bring one or more of the claims being asserted either on his own behalf or in his

17 capacity as a putative class representative.

18

### Fifth Affirmative Defense

19

(Substantial Compliance with Applicable Laws and Regulations)

20      5.     Plaintiff's Complaint, and each cause of action alleged therein, is barred, in whole

21 or in part, because Walgreens has substantially complied with any and all applicable statutes,

22 regulations, and laws.

23

### Sixth Affirmative Defense

24

(*De Minimis*)

25      6.     Plaintiff's Complaint, and each cause of action alleged therein, is barred, in whole

26 or in part, on the grounds that any liability for unpaid wages is *de minimis*.

27 //

28 //

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

### Seventh Affirmative Defense

#### (No Knowing and Intentional Failure)

7.     Walgreens did not knowingly or intentionally fail to provide accurate, itemized statements to Plaintiff and the putative class within the meaning of *Labor Code* Section 226.

### Eighth Affirmative Defense

#### (Paid All Wages Owed)

8.     The Complaint, and each cause of action alleged therein, is barred, in whole or in part, because Plaintiff and the putative class received all wages, income, or salary to which they have ever been entitled.

### Ninth Affirmative Defense

#### (Good-Faith Dispute)

9.     The Complaint, and each cause of action alleged therein, is barred because Walgreens did not willfully fail to pay Plaintiff and the putative class wages, as a good faith dispute exists as to whether any wages are due.

### Tenth Affirmative Defense

#### (Plaintiff Secreted or Absented)

10.     The Complaint, and each cause of action alleged therein, is barred to the extent Plaintiff and the putative class have secreted or absented themselves in order to avoid payment of wages, or to the extent they refused to receive payment of wages when fully tendered.

### Eleventh Affirmative Defense

#### (Not Entitled to Equitable Relief)

11.     Plaintiff and putative class members are not entitled to the equitable relief requested in the Complaint, or to any injunctive or other form of equitable relief, because, among other things, Plaintiff and putative class members have an adequate remedy at law if they were to succeed in this action.

//

//

//

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

### Twelfth Affirmative Defense

#### (Avoidable Consequences Doctrine)

12.   Plaintiff and the putative class members are not entitled to recovery on some or all of the purported causes of action because any purported loss could and should have been reduced or avoided by Plaintiff and the putative class by complying with company instructions and procedures.

### Thirteenth Affirmative Defense

#### (Failure to Mitigate)

13.   Plaintiff's and the putative class' recovery as to each purported cause of action alleged in the Complaint is barred, in whole or in part, by their failure to exercise reasonable care and diligence to mitigate any damages allegedly accruing to them.

### Fourteenth Affirmative Defense

#### (Offset)

14.   Walgreens denies that it has unlawfully failed to pay any amounts for wages to Plaintiff or putative class members, or that it otherwise acted improperly.   However, any entitlement that Plaintiff or putative class members may have to additional wages is subject to an offset for payments or benefits that Plaintiff or putative class members may have received (or may receive) from Walgreens.

### Fifteenth Affirmative Defense

#### (Privilege/Justification)

15.   Walgreens' actions concerning the matters alleged in the Complaint, if any, were privileged and/or justified.

### Sixteenth Affirmative Defense

#### (No Unjust Enrichment)

16.   Walgreens alleges that Plaintiff and the putative class have not suffered any losses, and Walgreens has not been unjustly enriched as a result of any action by Walgreens.  Plaintiff and the putative class, therefore, are not entitled to any disgorgement or restitution.

//

<strong>Seventeenth Affirmative Defense</strong>

(Representation Not Proper)

17.    Plaintiff is not an adequate representative of the alleged putative class in this action.

<strong>Eighteenth Affirmative Defense</strong>

(No Community of Interest)

18.    The putative class members do not share a community of interest in common questions of law and/or fact.

<strong>Nineteenth Affirmative Defense</strong>

(Failure to State a Class Action Claim)

19.    The Complaint fails to allege facts sufficient to constitute a cognizable class action.

<strong>Twentieth Affirmative Defense</strong>

(Unconstitutional as Class and/or Representative Action)

20.    The class allegations are barred on the ground that, if this action is certified as a class action, Walgreens' rights under the Fifth and Seventh Amendments to the United States Constitution would be violated.

<strong>Twenty-first Affirmative Defense</strong>

(Laches)

21.    The Complaint is barred by the doctrine of laches.

<strong>Twenty-second Affirmative Defense</strong>

(Estoppel)

22.    The Complaint is barred by the doctrine of estoppel.

<strong>Twenty-third Affirmative Defense</strong>

(Waiver)

23.    The Complaint is barred by the doctrine of waiver.

<strong>Twenty-fourth Affirmative Defense</strong>

(Unclean Hands)

24.    The Complaint is barred by the doctrine of unclean hands.

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

DEFENDANT WALGREEN CO.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

BRYAN CAVE LEIGHTON PAISNER LLP<br>3161 MICHELSON DRIVE, SUITE 1500<br>IRVINE, CA 92612-4414

1

### Twenty-fifth Affirmative Defense

2

(Failure to Exhaust Administrative Remedies)

3    25.    Plaintiff has failed to exhaust remedies available under statutes, regulations, rules

4  and procedures relating to the matters alleged in the Complaint, and is barred by reason of his

5  failure to do so.

6

### Twenty-sixth Affirmative Defense

7

(Accord and Satisfaction)

8    26.    The Complaint is barred, in whole or in part, by the doctrine of accord and

9  satisfaction.

10

### Twenty-seventh Affirmative Defense

11

(Release)

12    27.    The Complaint is barred, in whole or in part, by the doctrine of release.

13

### Twenty-eighth Affirmative Defense

14

(No Violation of Underlying State or Federal Law)

15    28.    Walgreens is not liable for unlawful business practices under California *Business*

16  *and Professions Code* Section 17200 *et. seq.* because it is not liable to Plaintiff or the putative

17  class for any alleged violation of any underlying state or federal laws.

18

### Twenty-ninth Affirmative Defense

19

(No Unfair, Misleading, or Deceptive Business Practices)

20    29.    Walgreens is not liable for violations of unfair business practices pursuant to

21  California Business and Professions Code Section 17200 *et. seq.* because its business practices

22  were not unfair, not deceptive, and not likely to mislead anyone.

23

### Thirtieth Affirmative Defense

24

(Attorneys' Fees Not Recoverable)

25    30.    Plaintiff is precluded from recovering attorneys' fees from Walgreens under

26  applicable provisions of law.

27  //

28  //

12329538.1                                    6

DEFENDANT WALGREEN CO.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

1

### Thirty-first Affirmative Defense

2

#### (Provided All Rest Breaks)

3       31.      Any recovery of rest break premium payments is barred because Plaintiff and the

4   putative class were authorized and permitted to take appropriate rest periods, but freely chose to

5   forego or waive such rest periods; Walgreens did not impede, discourage or dissuade Plaintiff

6   and/or other putative class members from taking appropriate rest periods.

7

### Thirty-Second Affirmative Defense

8

#### (No Willful, Knowing, or Intentional Conduct)

9       32.      Plaintiff and the putative class are not entitled to any penalties under the Labor

10  Code because, at all relevant times, Walgreens did not willfully, intentionally, or knowingly fail to

11  comply with the compensation provisions of the California *Labor Code,* but rather acted in good

12  faith and had reasonable grounds for believing that it did not violate those provisions.

13

### Thirty-Third Affirmative Defense

14

#### (No Waiting-Time Penalties)

15      33.      The Complaint fails to state a claim for waiting-time penalties under California

16  *Labor Code* Section 203 to the extent that Plaintiff and members of the putative class did not

17  resign or were not discharged from their employment prior to the filing of this action.

18

### RESERVATION OF RIGHTS

19      Walgreens reserves the right, upon completion of its investigation and discovery, to file

20  such additional affirmative defenses as may be appropriate.

21      WHEREFORE, Walgreens hereby requests judgment as follows:

22      1.       That Plaintiff takes nothing by the Complaint and that the same be dismissed with

23               prejudice;

24      2.       That judgment be entered in favor of Walgreens and against Plaintiff;

25      3.       For reasonable attorneys' fees and costs incurred herein;

26

27

28

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA 92612-4414

12329538.1

DEFENDANT WALGREEN CO.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

1    4.    For such other and further relief as this Court deems just and proper.

2

3   Dated:    January 4, 2019                  BRYAN CAVE LEIGHTON PAISNER LLP

4                                              Allison C. Eckstrom
                                               Christopher J. Archibald
5                                              Michael E. Olsen

6
                                        By: _____
7                                              Christopher J. Archibald
                                               Attorneys for Defendant Walgreen Co.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LEIGHTON PAISNER LLP
3161 MICHELSON DRIVE, SUITE 1500
IRVINE, CA  92612-4414

12329538.1                                     8

BRYAN CAVE LEIGHTON PAISNER LLP<br>3161 MICHELSON DRIVE, SUITE 1500<br>IRVINE, CALIFORNIA 92612-4414

**PROOF OF SERVICE**
CCP 1013a(3)
*(Alfred Morales, et al. v. Walgreen Co.)*

STATE OF CALIFORNIA, COUNTY OF ORANGE

     I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 3161 Michelson Drive, Suite 1500, Irvine, CA 92612-4414.

     On **January 4, 2019**, I caused the following document(s) described as:

**DEFENDANT WALGREEN CO.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

to be served on all interested parties in this action as follows:

| | |
|---|---|
| Ray E. Gallo, Esq.<br>Dominic Valerian, Esq.<br>Nathaniel Simons, Esq.<br>GALLO LLP<br>1604 Solano Ave., Suite B<br>Berkeley, CA 94707 | *Attorneys for Plaintiff*<br><br>Phone:  415.257.8800<br>Fax:     415.257.8844<br>E-mail:  rgallo@gallo.law<br>          dvalerian@gallo.law<br>          nsimons@gallo.law |
| Edward J. Wynne, Esq.<br>George R. Nemiroff, Esq.<br>WYNNE LAW FIRM<br>80 E. Sir Francis Drake Blvd., Suite 3G<br>Larkspur, CA 94939 | *Attorneys for Plaintiff*<br><br>Phone:  415.461.6400<br>Fax:     415.461.3900<br>Email:  ewynne@wynnelawfirm.com<br>        gnemiroff@wynnelawfirm.com |

     [☒] BY NOTICE OF ELECTRONIC SERVICE THROUGH FIRST LEGAL: I caused said document(s) to be served by means of electronic transmission to the parties and/or counsel who are registered above and set forth in said service list.

     [☒] STATE - I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     Executed on **January 4, 2019**, at Irvine, California.

_____
Ginny Hamel

12334252.1

PROOF OF SERVICE